UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSEPH ORTIZ,              :
         Plaintiff,      :
                  :
v.                      :
                  :
WESTCHESTER COUNTY; CORRECT  :
CARE SOLUTIONS, LLC; NEW YORK  :
CORRECT CARE SOLUTIONS MEDICAL  :
SERVICES, P.C.; M.D. JOON PARK; and  :
M.D. RAUL ULLOA,      :
         Defendants.    :
------------------------------------------------------------x

**OPINION AND ORDER**

18 CV 5344 (VB)

Briccetti, J.:

    Plaintiff Joseph Ortiz, proceeding pro se and in forma pauperis, brings this action under

42 U.S.C. § 1983, against defendants Westchester County, Correct Care Solutions, LLC, New

York Correct Care Solutions Medical Services, P.C. (collectively "CCS"), Dr. Joon Park, and Dr.

Raul Ulloa, claiming defendants were deliberately indifferent to his serious medical needs in

violation of his constitutional rights at Westchester County Jail ("WCJ").

    Now pending before the Court is defendants' unopposed motion to dismiss the complaint

pursuant to Rule 12(b)(6). (Doc #16). Plaintiff failed to oppose the motion, despite the Court's

sua sponte granting him two extensions of time to do so. (Docs. ##23, 25). Therefore, by Order

dated November 28, 2018, the Court deemed the motion fully submitted and unopposed. (Doc.

#26).

    For the reasons set forth below, the motion is GRANTED. However, plaintiff is granted

leave to file an amended complaint as to his Fourteenth Amendment deliberate indifference

claims in accordance with the instructions below.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as set forth below.

Plaintiff alleges he suffers from a "significant hip chronic condition." (Doc. #2 ("Compl.") at 3).[1] Before his incarceration, plaintiff claims he was "immobilized, and could barely walk." (Id.). According to plaintiff, defendants forced plaintiff to walk with a walker, which resulted in "excruciating pain." Id. Plaintiff further alleges he told defendants he needed prescription pain medication for his hip condition, yet he received only Motrin, which he alleges was inadequate.

Plaintiff also claims he alerted defendants that his condition requires a surgical procedure that had been scheduled before his incarceration. Plaintiff asserts Dr. Park and Dr. Ulloa informed him that he could not receive surgery at WCJ because the facility does not have an appropriate rehabilitation center, and without appropriate rehabilitation options, he faced a risk of infection. Plaintiff was advised to request surgery after being transferred from WCJ to the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").

By denying plaintiff surgery and providing otherwise ineffective treatment, defendants allegedly caused plaintiff to suffer "debilitating, excruciating pain" in his hips and knees and "bone grinding on bone" when he walks. (Compl. at 3). Plaintiff also maintains defendants "are attempting to shift costs to [DOCCS], by refusing and/or denying his surgery." (Id. at 6).

---

[1] "Compl. at ___" refers to page numbers automatically assigned by the Court's Electronic Case Filing System.

Finally, plaintiff alleges on June 8, 2018, he attempted to file a grievance with Sergeant ("Sgt.") West, and then with Sgt. Ashterman. Plaintiff maintains that Sgt. West told him, "I already received one[,] give it to someone else," and that Sgt. Ashterman replied, "I'm busy." (Compl. at 5).

## DISCUSSION

### I.   Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. <u>Id</u>. at 678; <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id</u>. (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 556).

The Court must liberally construe submissions of <u>pro se</u> litigants and interpret them "to raise the strongest arguments that they <u>suggest</u>." <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d

471, 474 (2d Cir. 2006) (per curiam) (internal quotation omitted) (collecting cases). Applying the pleading rules permissively is particularly important when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II.   Deliberate Indifference Claim

Defendants argue plaintiff fails plausibly to allege he was deprived of constitutionally adequate medical care for his hip condition.[2]

The Court agrees.

Deliberate indifference claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment, because "[p]retrial detainees have not been convicted of a crime and thus 'may not be punished in any manner—neither cruelly and unusually nor otherwise.'" Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017) (quoting Iqbal v. Hasty, 490 F.3d 143, 168 (2d Cir. 2007)). To state a deliberate indifference claim, plaintiff's allegations must satisfy two prongs: an objective prong and a mens rea prong. Id. Namely, plaintiff must plausibly allege "that the challenged conditions were

---

[2]    Plaintiff's complaint does not expressly indicate whether he was a pretrial detainee or post-conviction prisoner at the time of these allegations. Because defendants recite the Fourteenth Amendment standard applicable to deliberate indifference claims brought by pretrial detainees (Doc. #16 at 1), the Court assumes for purposes of this motion that plaintiff was a pretrial detainee during the relevant time periods. Moreover, because plaintiff's allegations are insufficient to state a claim under the more lenient Fourteenth Amendment standard, they also would be insufficient to state a claim under the Eighth Amendment standard.

sufficiently serious," and defendants "acted with at least deliberate indifference to the challenged conditions." Id.

To satisfy the objective prong, plaintiff must plausibly allege the challenged conditions "either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." Darnell v. Pineiro, 849 F.3d at 30 (quoting Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013)). "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" Id. (quoting Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995)).

In the context of medical care, two inquiries determine whether a deprivation is objectively serious. "The first inquiry is whether the prisoner was actually deprived of adequate medical care." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006). Because "the prison official's duty is only to provide reasonable care," prison officials are liable only if they fail "'to take reasonable measures' in response to a medical condition." Id. at 279–80 (quoting Farmer v. Brennan, 511 U.S. 825, 847 (1994)). The second inquiry is "whether the inadequacy in medical care is sufficiently serious." Id. at 280. "This inquiry requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." Id. (citing Helling v. McKinney, 509 U.S. 25, 32–33 (1993)).

If the allegedly offending conduct "is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious." Salahuddin v. Goord, 467 F.3d at 280. If the offending conduct is the medical treatment given, however, courts look to "the alleged inadequate treatment, not the underlying condition alone," and consider "the effectiveness of the treatment the prisoner received, and the harm that resulted from the alleged shortfalls." Sanders v. City of New York, 2018 WL

3117508, at *8 (S.D.N.Y. June 25, 2018) (internal quotation marks and citations omitted).[3] "It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to" a constitutional violation. Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998). This includes the decision to prescribe one form of pain medication in place of another. Rush v. Fischer, 923 F. Supp. 2d 545, 555 (S.D.N.Y. 2013).

With respect to the treatment by Dr. Park and Dr. Ulloa, plaintiff does not plausibly allege he was deprived of adequate medical care. Plaintiff alleges he received treatment—here, a walker for mobility and Motrin to manage his pain. While it is clear plaintiff would have preferred different treatment, namely hip surgery, mere disagreement over the proper treatment does not create a constitutional claim. Furthermore, plaintiff alleges the doctors denied his request because a proper rehabilitation facility was not available. Plaintiff does not claim this statement was untrue. Plaintiff's belief that he should have received different or additional medical treatment for his condition is not a sufficient basis for a deliberate indifference claim.[4]

Plaintiff's reliance on Jones v. Westchester County Department of Corrections, 557 F. Supp. 2d 408 (S.D.N.Y. 2008), is misplaced. There, the plaintiff, who also suffered from hip

---

[3]     Because plaintiff is proceeding pro se, he will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

[4]     To the extent plaintiff claims defendants have unconstitutionally delayed providing a necessary surgical procedure, "[t]he Second Circuit has generally found constitutional violations with respect to delays in providing medical care when 'the officials deliberately delayed care as a form of punishment, ignored a life-threatening and fast-degenerating condition for three days, or delayed major surgery for over two years.'" Valdiviezo v. City of New York, 2017 WL 1191528, at *4 (S.D.N.Y Mar. 29, 2017) (internal quotation omitted). Accordingly, the alleged delay in providing surgery does not rise to the level of a constitutional violation.

problems, alleged his hip surgery was necessary and defendants' last-minute refusal to permit the surgery constituted inadequate medical care. In support, the plaintiff appended a medical expert's opinion that the surgery was necessary, and he alleged the defendants scheduled him for surgery only to cancel it at the last minute. Conversely, plaintiff here does not allege his prior recommendation for surgery was urgent or time-sensitive or that defendants agreed to schedule surgery only to later change their minds.

Because plaintiff fails to satisfy the objective prong, the Court need not reach the mens rea prong. Accordingly, plaintiff's claim for deliberate indifference to serious medical needs is dismissed.

## III.    Monell Claim

As plaintiff has not adequately pleaded an underlying violation of his constitutional rights, his Monell claim against CCS is dismissed. See Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006) (district court "was entirely correct" in declining to address a Monell claim after finding no underlying constitutional violation).

## IV.    Inmate Grievances

Defendants argue any claim arising from plaintiff's alleged inability to file grievances should be dismissed because plaintiff has no constitutional right to an inmate grievance procedure.

The Court agrees.

"[I]nmate grievance procedures are not required by the Constitution and therefore a violation of such procedures does not give rise to a claim under § 1983." Cancel v. Goord, 2001 WL 303713, at *3 (S.D.N.Y Mar. 29, 2001). Accordingly, plaintiff's allegations that various sergeants refused to accept his grievances do not state a viable constitutional claim.

V.    State Law Claims

Defendants argue the Court should either dismiss or decline to exercise supplemental jurisdiction over any plausible state law claims asserted in the complaint. Because the Court is granting plaintiff leave to file an amended complaint, it declines to entertain those arguments at this time. They may, however, be renewed, if and when defendants move to dismiss the amended complaint.

VI.    Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded a reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation omitted). District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

Here, because there is a possibility an amended complaint could succeed in stating a claim, and because plaintiff has not previously amended his complaint, the Court grants plaintiff leave to file an amended complaint and replead only his deliberate indifference claim and his Monell claim against Westchester County and CCS to the extent he can do so clearly, concisely, truthfully, and plausibly.

To the greatest extent possible, plaintiff's amended complaint must address the deficiencies identified in this Opinion and Order and must:

1.      describe all relevant events, stating the facts that support plaintiff's case, including **what each individual defendant did or failed to do**;

2.      include a clear explanation of what health issues he attributes to any untimely or improper medical treatment;

3.      include any details explaining why he believes defendants untimely or improperly treated him;

4.      give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

5.      describe how each defendant's acts or omissions violated plaintiff's rights and describe the injuries plaintiff suffered as a result of those acts or omissions; and

6.      include any facts regarding the existence of a WCJ or CCS policy or custom that caused the deprivation of a constitutional right.

Essentially, the body of plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show his federally protected rights were violated; when such violation occurred; where such violation occurred; and why plaintiff is entitled to relief.

Finally, the amended complaint will completely replace, not supplement, the existing complaint. Therefore, plaintiff must include in the amended complaint all information necessary for his claims. However, plaintiff is directed to include in his amended complaint only those facts he believes plausibly support a violation of his constitutional rights.

# CONCLUSION

The motion to dismiss is GRANTED. However, plaintiff is granted leave to file an amended complaint as to his deliberate indifference and <u>Monell</u> claims in accordance with the instructions above.

Plaintiff shall file his amended complaint by no later than July 17, 2019, and shall utilize the amended complaint form attached hereto. **If plaintiff fails to file an amended complaint or seek additional time to do so by July 17, 2019, the Court will direct the Clerk to enter judgment in defendants' favor and close the case.**

The Clerk is instructed to terminate the pending motion. (Doc. #16).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 448, 444–45 (1962).

Dated: June 17, 2019
    White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

No. **18 CV 5344**
(To be filled out by Clerk's Office)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name            Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                   State            Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name            Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                      State               Zip Code

Defendant 2:

First Name            Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                      State               Zip Code

Defendant 3:

First Name            Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                      State               Zip Code

Defendant 4:

First Name            Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                      State               Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____